UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                )<br>          v.                    )<br>                                )<br>MIGUEL REYES,                   )<br>          Defendant,            )<br>                                ) | **CRIMINAL ACTION**<br>**NO. 04-1781-CBS** |

**MEMORANDUM OF PROBABLE CAUSE AND**
**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**July 15, 2004**

**SWARTWOOD, M.J.**

I.  Nature of the Offense and the Government's Motion

On June 21, 2004, a Criminal Complaint was filed charging Miguel Reyes ("Mr. Reyes"), of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).

On June 24, 2004, at Mr. Reyes' initial appearance, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142 (f)(1)(A)(Mr. Reyes is charged with crime of violence), (f)(1)(B)(Mr. Reyes is charged with an offense which may provide for a maximum penalty of life imprisonment), (f)(1)(D)(Mr. Reyes is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local

offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On June 29, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Stephanie Schafer, Special Agent the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") testified on behalf of the Government and was cross-examined by Mr. Reyes' counsel. At the conclusion of this hearing, Mr. Reyes assented to an Order of Detention, but reserved his right to reopen the detention portion of this hearing in the future.

## II.   Findings of Fact

1. On June 2, 2004, a confidential witness ("CW") was outfitted with a recording device and by prearrangement, met with Mr. Reyes and purchased a .380 caliber pistol and four rounds of .380 caliber ammunition for $400. This entire transaction was monitored and recorded. Govt. Ex. 1.

2. On June 3, 2004, the .380 caliber firearm and ammunition were successfully test fired. Id.

3. According to an ATF Interstate Nexus expert, the firearm and ammunition sold to the CW by Mr. Reyes, were manufactured outside of the Commonwealth of Massachusetts and therefore, traveled in interstate commerce. Id.

4. In 1991, in the Bristol Superior Court, Mr. Reyes was sentenced to nine to ten years in connection with two cases of armed robbery; in 1997, in the Plymouth Superior Court, Mr. Reyes was

sentenced to twenty-six to twenty-seven months imprisonment for distribution of heroin; and in 1998, in the Bristol Superior Court, Mr. Reyes was sentenced to three years and one day for illegal possession of a firearm.  Id.

### III.  Probable Cause

Mr. Reyes has been convicted of three state offenses which would be felonies under federal law.  Mr. Reyes was in possession of a firearm and ammunition, which had traveled in interstate commerce.  Therefore, I find probable cause for the offense charged against Mr. Reyes in this Complaint.

### IV.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Mr. Reyes be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Reyes be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Reyes is detained and confined shall deliver Mr. Reyes to an authorized Deputy United States

Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                        /s/Charles B. Swartwood, III
                                        CHARLES B. SWARTWOOD, III
                                        MAGISTRATE JUDGE