

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*         *United States Courthouse, Suite 9200*
                                         *1 Courthouse Way*
                                         *Boston, Massachusetts  02210*

November 23, 2004

**By Hand & Facsimile**
Ms. Page Kelly, Esq.
Federal Public Defender's Office
408 Atlantic Avenue
Boston, MA 02110

    Re:  United States v. Miguel Reyes
          <u>Criminal No. 04-10201-MLW</u>

Dear Ms. Kelly:

    This is in response to your discovery letter request of November 8, 2004.  For ease of reference, I will use your numbering system.

    1.  A copy of the trace report is enclosed (1 page.) The government does not have any oral or written statements of anyone relating to ownership of the firearm.

    2.  There are no reports or documentation of the 5/28/2004 meeting between the CW and the defendant.

    3.  You previously were provided with an ATF Report of Interview relating to the arrest of the defendant and the execution of a search warrant at his residence.  There is no report recounting that upon arrest the defendant denied to ATF Special Agent Stephanie Schafer that he sold firearms.

    4.  I will coordinate with Special Agent Schafer to arrange a mutually convenient time for you to review the tangible evidence in this case, including the firearm.

    5.  I will make prompt and appropriate inquiry of the law enforcement agencies for potential *Brady/Giglio* material and will disclose such material as required by those cases and their progeny and pursuant to the timing requirements of Local Rule 116.2(B).

    6.  I am mindful of the government's discovery obligations.

    7.  Please find enclosed a copy of the Triple III criminal history of the CW.

    8.  The CW was observed in about December 2003 or January 2004 selling stolen car radios in New Bedford. The CW was not charged or arrested for this conduct.  The approximate value of the apartment where the CW has been staying is about $500 per month.  The government understands that one or more law enforcement officials assisted the CW in obtaining this housing. I decline to provide you with the other details you seek concerning the apartment as beyond the requirements of the discovery rules and case law.  Additionally, I have enclosed receipts concerning the $900 paid to the CW, but I decline to produce the ATF internal documents relating to the request for, and disbursement of, these funds. There is also a receipt for $400 which amount represents the buy money in this case.

    9.  The government will produce a description of the total dollar amount paid, or other rewards, promises, and inducements, provided, to the CW by ATF but declines to produce all documentation relating to such expenditures in investigations and/or cases unrelated to the instant case.  The government further understands that the CW also has assisted New Bedford police in one or more investigations. I have requested information concerning any rewards, promises and/or inducements the CW was provided relating to this work.  The government has further made an inquiry to determine whether this CW has worked for other federal agencies, but I do not have any such information at this time.  With respect to the balance of your request concerning potential misconduct by the CW, the government will produce such information, if any exists, pursuant to the timing requirements of Local Rule 116.2(B)(2).

    Please call me at 617-748-3184 if you have any questions.

                  Very truly yours,

                    MICHAEL J. SULLIVAN
                    United States Attorney

        By:
                    /s/ Sandra S. Bower
                    SANDRA S. BOWER
                    Assistant U.S. Attorney

enclosure(s)
cc: Lisa Rowland
    Courtroom Deputy to the
    Honorable Charles B. Swartwood
    w/o enclosures