

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*           *United States Courthouse, Suite 9200*
                                          *1 Courthouse Way*
                                          *Boston, Massachusetts 02210*

January 10, 2005

**By Hand Delivery**
Ms. Page Kelley, Esq.
Federal Public Defender's Office
408 Atlantic Avenue
Boston, MA 02110

    Re:  United States v. Miguel Reyes
          Criminal No. 04-10201-MLW

Dear Ms. Kelley:

    This is in response to your discovery letter of December 23, 2004. I have used your numbering system for ease of reference:

    1. As you noted, you were previously provided with a trace report relating to this firearm. I incorrectly stated in my response to your initial discovery request letter that the government possessed no oral or written statements of anyone relating to ownership of the firearm. The United States will produce *Jencks* material of anticipated government witnesses at least 7 days before trial. To the extent this request seeks production of statements of non-witnesses, the United States opposes this request, except as required by *Brady* and *Giglio* and progeny. There is no statutory or constitutional obligation to disclose the identities of prosecution witnesses before trial. United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992); United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986); United States v. Barrett, 766 F.2d 609, 617 (1st Cir.1985).

    2. You previously were provided with the CW's Triple III criminal history as well as with the CW's Massachusetts Board of Probation report. The government is presently unaware of any other alias or social security numbers used by the CW other than as reflected in these records. Additionally, please find enclosed a copy of the CW's Michigan record retrieved from a CJIS inquiry. With respect to the remainder of your request, the United States will produce any such information-if it exists-pursuant to the timing requirements of Local Rule 116.2(2).

    3. There are no reports relating to the observation of the CW

selling stolen radios.  Although it is the government's position that the following information is not a promise, reward or inducement relevant to this case, the United States has been advised that a 2003 misdemeanor marijuana possession charge against the CW was dropped in exchange for his cooperation with the New Bedford police department in one investigation. The United States has been advised that the CW received no remuneration for this cooperation, which occurred prior to the CW becoming a CW with the ATF.

   4. As noted, you have been provided with payment receipts for the $900 paid to the CW in connection with this case.  The government declines to produce any further documentation of these payments, as not required by statute or rule.

   5. Other than the investigation referred to in ¶3 above, the United States has been advised that the CW has only worked on investigations with the New Bedford Police Department with which the ATF is involved.  You previously were advised that the CW has been paid a total of $2,680, which includes the $900 payment, in connection with all of these investigations.  Except to the extent required by *Brady/Giglio* and their progeny, the government declines to produce any information concerning your request for discovery of other police agencies with whom the CW may have worked.

   Please call me at 617-748-3184 if you have any questions.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:
                              /s/Sandra S. Bower
                              SANDRA S. BOWER
                              Assistant U.S. Attorney


cc: w/o enclosures
    Lisa Roland, Courtroom Deputy to
    U.S. Magistrate Judge Charles B. Swartwood III

2