UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10201-MLW |
| ) | |
| MIGUEL REYES ) | |
| ) | |

MOTION FOR DISCOVERY

Defendant requests this Honorable Court to order the government to provide discovery of the matters listed below, and to order that such discovery be made as soon as reasonably possible. As used throughout this motion, "government" includes all state, local, and federal police, and investigative and prosecutorial agencies involved in any way in the investigation and prosecution of this case. Kyles v. Whitley, 514 U.S. 419 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal affairs file).

Facts of present case.

The defendant, Miguel Reyes, is charged with violating 18 U.S.C. 922(g)(1) (felon in possession of firearm and ammunition). It is alleged that on June 2, 2004, a government informant purchased a firearm from the defendant. Although the informant's identity is well-known to the defendant, the informant will not be referred to by name in this public document.

It is the defendant's belief that the informant is known to the police as a heroin dealer in New Bedford and that he regularly uses illegal drugs. The informant has a lengthy criminal record with convictions for illegally possessing a firearm, receiving stolen property, distribution of heroin (three separate convictions), trafficking in cocaine, assault and battery, and escape. He has been sentenced to prison many times with the longest sentence being three to ten years for possession with intent to distribute heroin. The informant also has a criminal record in Michigan under a different name. The informant's substantial criminal record exposes him to extremely lengthy sentences in state or federal court and makes him especially vulnerable to pressure from law enforcement to "save his own skin" by inducing others to commit crimes. It is the defendant's understanding that his arrest was part of a joint effort by the ATF and the New Bedford Police to conduct a highly-publicized "sweep" of the New Bedford area and that the informant in his case was used in other similar investigations. At the defendant's probable cause hearing on June 29, 2004, ATF Special Agent Stephanie Shafer testified that the informant's contact with the defendant was totally unsupervised until the time the defendant allegedly sold the informant the gun, with no documentation or supervision concerning the number of times the informant contacted the defendant or what the informant told the defendant to induce him to sell him a gun.[1] The defendant intends to raise an entrapment defense, see Mathews v. United States, 485 U.S. 58 (1988); United States v. Capelton, 350 F.3d 231, 242-243 (1st Cir. 2003).

---

[1] This assertion is from counsel's memory as she has not yet received a transcript of the hearing.

-2-

A. <u>Defendant's request for information concerning the firearm</u>.

The defendant has requested discovery in two letters and the government has responded in two letters. These letters are attached to the end of this motion in chronological order.[2]

In a letter dated November 8, 2004, the defendant requested "all documents and other materials and information you have concerning the origin of the firearm, including previous owners and sales of the gun, and including any oral or written statements made by an person concerning ownership of the firearm."

The government responded in a letter dated November 23, 2004 that it did not possess statements of anyone relating to ownership of the firearm and provided a copy of a trace report.

By letter dated December 23, 2004, defendant again requested information concerning previous owners of the firearm.

By letter dated January 10, 2005, the attorney for the government responded, "I incorrectly stated in my response to your initial discovery request letter that the government possessed no oral or written statements of anyone relating to ownership of the firearm." The government then declined to provide the defendant the requested information unless the information was provided as <u>Jencks</u> material seven days before trial. The government declined to produce statements of nonwitnesses.

The defendant requires information concerning the origins of the firearm, which the government has access to and the defendant does not, in order to prepare his defense. This information is discoverable under Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure,

---

[2] In his first discovery letter the defendant referred to the informant by name. As this letter will now be public the defendant has redacted the informant's name from the copy attached to this motion.

which requires that the defendant be permitted to inspect records which are within the control of the government and "are material to preparation of the defendant's defense." "[D]ocuments are 'material in the preparation of the defense' if there is a strong indication that they will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal." United States v. Felt, 491 F. Supp. 179, 186 (D.D.C. 1979). "Material information" also includes "...that information, not otherwise provided for or precluded by discovery rules, which is significantly helpful to an understanding of important inculpatory or exculpatory evidence." United States v. Liquid Sugars, Inc., 158 F.R.D. 466, 471 (E.D. Cal. 1994). The origin of the firearm, and in particular any connection that the firearm had to the informant in this case, is critical to preparation of the defense. The defendant requests that the Court order the government to provide the information in its possession about the origins and owners of the firearm in question.

    B. <u>Information concerning the informant</u>.

        <u>         The defendant's prior requests</u>.

In his letters dated November 8, and December 23, 2004, the defendant asked for information concerning why the informant became an informant in the instant case or any other matter and specifically asked whether the informant had committed acts known to the government for which he could have been prosecuted but was not.

The defendant also asked for promises, rewards and inducements provided to the informant, including documentation concerning cash payments in the instant case. The government informed the defendant that the informant was living in an apartment free of charge at the expense of the government; the defendant asked whether the government intervened in any

way to obtain the apartment.[3]  The defendant further requested to know whether the informant has been investigated for breaking rules as an informant or has been suspected of providing false information.

With regard to uncharged conduct, the government responded on November 23, 2004 that the informant was "observed in about December 2003 or January 2004 selling stolen car radios in New Bedford."  In the second letter, dated January 10, 2003, the government added to this that a 2003 "misdemeanor marijuana charge" against the informant was "dropped" because of his cooperation.  The government also stated that "one or more law enforcement officials assisted" the informant in obtaining the housing, but declined to reveal more.  The government also declined to provide "ATF internal documents relating to the request for, and disbursement of" the funds paid to the informant in connection with this case.

The government further declined to provide information concerning the informant's work on cases other than the present one.

### The defendant's present request.

The defendant now asks this Court to order the government to provide the following information concerning the informant:

-Unredacted copies of the informant's criminal record, and any other information the government possesses concerning the informant's out-of-state record, including court documents and police reports.

---

[3] It is the defendant's unsubstantiated belief that the informant had been evicted from public housing because of criminal conduct and the police intervened and persuaded the public housing authority to break its rules and house him, his girlfriend, and their child.  If this is true, the police conduct in intervening with the public housing authority is a reward about which the defendant is entitled to know the details.

-All promises, rewards and inducements provided to the informant in the instant case, including details of those inducements, such as how the informant received his free housing in connection with this case, including what efforts were made, by whom, and why. The defendant also asks for details concerning any uncharged criminal conduct, including the informant's selling stolen property and his "misdemeanor marijuana charge," which the defendant notes does not even appear on the informant's criminal record. The government should provide the defendant with any documents concerning the conduct, including information about who observed the uncharged conduct, when it occurred, and what threats or promises were made to the informant concerning the conduct. The government should provide all documents concerning the informant's cash payments in the instant case, including "ATF documents relating to the request for, and disbursement of," funds paid to the informant.

-All documents concerning the informant's work for the ATF and the New Bedford Police, including all rewards and inducements provided in connection with his work for those entities, and all documents pertaining to his becoming an informant and his record as an informant, including any suspected or confirmed misbehavior including whether the informant was selling or abusing drugs.

-Information concerning what other cases the informant has worked on for any government agency, including any testimony provided by the informant, any rewards and inducements provided to the informant in those cases, and any misbehavior of the informant in connection with his assistance to the government.

Argument

The government is required to give the defendant the informant's criminal record, see United States District Court Local Rule 116.2 (B)(1)(d). The defendant requests unredacted copies of the informant's criminal record, and other documents in the government's possession concerning out-of-state crimes. For example, the government has provided the defendant with a criminal record from Michigan on which the informant's date of birth has been redacted. The informant used an alias on this record; defendant cannot be expected to investigate the use of this alias without knowing what date of birth the informant gave. In addition, if the government has other documentation concerning out-of-state crimes, the Court should order that the government provide copies to the defendant, as the defendant has no means to acquire documents such as out-of-state police reports.

The defendant asks for the promises, rewards and inducements offered to the informant. It is axiomatic that the government must reveal this information as it is "core" information under Brady v. Maryland, 373 U.S. 83 (1963). Its disclosure is also required under Giglio v. United States, 405 U.S. 150 (1972) and under Local Rule 116.2 (B)(1)(c). Therefore the government must inform the defendant here precisely what criminal activity the informant could have been, but was not, charged with, including details concerning the informant's selling stolen property and violating drug laws. In addition, the government must tell the defendant what efforts were made, by whom, and under what circumstances, to provide the informant with free housing.

The government should also provide the defendant with all documentation concerning payments made to the informant. This information is critical to the defendant's ability to establish the witness's bias and motive to lie and is not otherwise available to the defense. See

Brady, supra; Lugo v. Munoz, 682 F.2d 7, 9 (1st Cir. 1982) (purpose of Brady rule is to provide defendant with exculpatory evidence known to government but unknown to him); United States v. Williams, 954 F.2d 668, 671 (11th Cir. 1992) (exclusion of total amount paid to government witness denied defendant fair trial; jury has a right to know what may be motivating witness).

The government should also be required to provide the defendant with information concerning the informant's history as an informant with the ATF and New Bedford police, including any rewards and inducements offered to the informant, and any misconduct by the informant. The government should also be required to provide the defendant with the requested discovery concerning the informant's activities on behalf of any government agency. The rewards and inducements offered to an informant over time, in connection with different matters, may directly affect the informant's bias and motive to lie in a particular case. In addition, information regarding the prior use of an informant is material and favorable within the terms of Brady, supra, where it reveals the informant's modus operandi in setting up criminal transactions and inducing other persons to participate in criminal activity. Johnson v. Brewer, 521 F.2d 556 (8th Cir. 1975); United States v. McClure, 546 F.2d 670, 673 (5th Cir. 1977) (conviction reversed where Court excluded Fed. R. Evid. 404(b) evidence of systematic campaign by informant to induce others to engage in crimes).

Finally, any misbehavior on the part of the informant is discoverable. United States v. Espinosa-Hernandez, 918 F.2d 911 (11th Cir. 1990) (discovery should have been granted concerning undercover agent's misdeeds). Information pertaining to an informant's drug abuse is relevant to his ability to perceive and recall. Local Rule 116.2 (B)(2)(g) (government must

provide information of "mental or physical impairment" of witness that may impair his ability to testify truthfully or accurately).

The defendant reiterates his argument, set out above in part A, that the requested information concerning the informant is "material to the preparation of the defendant's defense" under Fed. R. Crim. Proc. 16(a)(1)(C). In addition, under Local Rule 116.2, the defendant is entitled to all exculpatory information that is material and favorable to the accused because it tends to: cast doubt on the defendant's guilt as to any essential element in any count of the indictment; cast doubt on the admissibility of evidence that the government anticipates offering, that might be subject to a motion to suppress or exclude; cast doubt on the credibility or accuracy of any evidence the government anticipates offering, or diminish the degree of the defendant's culpability or his offense level under the sentencing guidelines. The requested information is material and exculpatory because it will demonstrate the witness's bias and motive to lie, and the witness's motive to induce the defendant to engage in criminal activity.

For the above reasons the defendant requests that this Court order the government to provide him with the requested discovery materials.

                                        MIGUEL REYES
                                        By his attorney,

                                        /s/ Page Kelley
                                        Page Kelley
                                            B.B.O. #548237
                                        Federal Defender Office
                                        408 Atlantic Avenue, 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

Date: January 19, 2005