# ATTACHMENT A

**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
(FAX) 617-223-8080

November 8, 2004

Sandra S. Bower, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re:    United States v. Miguel Reyes
       Criminal No. 04-10201-MLW

Dear Ms. Bower:

On behalf of my client, Miguel Reyes, thank you for the discovery which you have provided thus far in the above-numbered case. Pursuant to Local Rule 116.3, I am making the following requests for additional discovery:

1. Please provide all documents and other materials and information you have concerning the origin of the firearm, including previous owners and sales of the gun, and including any oral or written statements made by any person concerning ownership of the firearm.

2. In the AFT Report of Investigation submitted on 6/3/04 and prepared by Stephanie Schafter, she states that                met with Miguel Reyes on 5/28/04. Please provide any and all documentation concerning this meeting. In addition, please provide any documentation concerning any meetings and/or telephone conversations between and Mr. Reyes leading up to the meeting on June 2, 2004.

3. In your letter dated September 7, 2004, you state that the defendant denied selling a firearm when arrested. May I have any records concerning the defendant's arrest, including reports that reference this statement and/or forms generated as a result of the arrest.

4. Please consider this a request to make an appointment to view all tangible evidence in the case, including the firearm.

5. Please provide information about whether any law enforcement agent participating in the trial or investigation of this case has ever been investigated for conduct involving false statements, obstruction of justice, taking gratuities or violating the rights of a suspect.

FEDERAL DEFENDER OFFICE

6. In addition to the exculpatory evidence the government is required to produce under Local Rule 116.2, please produce all exculpatory evidence as defined in Kyles v. Whitley, 514 U.S. 419 (1995); Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Osario, 929 F. 2d 753 (1st Cir. 1991).

7. You provided                    state criminal record. Please also notify me as to whether                    has any out-of-state criminal record and provide documents concerning that record.

8. The defendant also requests details concerning promises, rewards and inducements provided to any witness. This request includes information concerning whether any witness has committed acts known to the government that constitute a crime for which the witness could have been prosecuted but was not. In your discovery letter, you state that                    has been staying in an apartment free of charge since May, 2004. Please provide the address of the apartment, or, in the alternative, the value of the monthly rent provided by the government. In addition, please provide information as to whether the government intervened with anyone in order to obtain the apartment for the witness, and if so, what efforts were made and by whom. In addition, you state that                    has been given $900 in connection with his work in this case. Please provide any documentation concerning this payment, including receipts and/or any itemization concerning his work.

9. Please provide any and all documentation concerning any rewards and promises                    has received for being an informant, in connection with any matter, from the New Bedford police, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and any other government agency, and please provide any documentation concerning whether                    has violated any rules as an informant and/or whether he has been investigated for breaking rules while working as an informant, or whether he has in any way been suspected of providing false information as an informant.

Thank you.

Sincerely,

Page Kelley
Assistant Federal Defender

PK/tmc



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

November 23, 2004

**By Hand & Facsimile**
Ms. Page Kelly, Esq.
Federal Public Defender's Office
408 Atlantic Avenue
Boston, MA 02110

Re: United States v. Miguel Reyes
Criminal No. 04-10201-MLW

Dear Ms. Kelly:

This is in response to your discovery letter request of November 8, 2004. For ease of reference, I will use your numbering system.

1. A copy of the trace report is enclosed (1 page.) The government does not have any oral or written statements of anyone relating to ownership of the firearm.

2. There are no reports or documentation of the 5/28/2004 meeting between the CW and the defendant.

3. You previously were provided with an ATF Report of Interview relating to the arrest of the defendant and the execution of a search warrant at his residence. There is no report recounting that upon arrest the defendant denied to ATF Special Agent Stephanie Schafer that he sold firearms.

4. I will coordinate with Special Agent Schafer to arrange a mutually convenient time for you to review the tangible evidence in this case, including the firearm.

5. I will make prompt and appropriate inquiry of the law enforcement agencies for potential *Brady/Giglio* material and will disclose such material as required by those cases and their progeny and pursuant to the timing requirements of Local Rule 116.2(B).

6. I am mindful of the government's discovery obligations.

7. Please find enclosed a copy of the Triple III criminal history of the CW.

8. The CW was observed in about December 2003 or January 2004 selling stolen car radios in New Bedford. The CW was not charged or arrested for this conduct. The approximate value of the apartment where the CW has been staying is about $500 per month. The government understands that one or more law enforcement officials assisted the CW in obtaining this housing. I decline to provide you with the other details you seek concerning the apartment as beyond the requirements of the discovery rules and case law. Additionally, I have enclosed receipts concerning the $900 paid to the CW, but I decline to produce the ATF internal documents relating to the request for, and disbursement of, these funds. There is also a receipt for $400 which amount represents the buy money in this case.

9. The government will produce a description of the total dollar amount paid, or other rewards, promises, and inducements, provided, to the CW by ATF but declines to produce all documentation relating to such expenditures in investigations and/or cases unrelated to the instant case. The government further understands that the CW also has assisted New Bedford police in one or more investigations. I have requested information concerning any rewards, promises and/or inducements the CW was provided relating to this work. The government has further made an inquiry to determine whether this CW has worked for other federal agencies, but I do not have any such information at this time. With respect to the balance of your request concerning potential misconduct by the CW, the government will produce such information, if any exists, pursuant to the timing requirements of Local Rule 116.2(B)(2).

Please call me at 617-748-3184 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney

enclosure(s)
cc: Lisa Rowland
    Courtroom Deputy to the
    Honorable Charles B. Swartwood
    w/o enclosures

2

**FEDERAL DEFENDER OFFICE**

DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
(FAX) 617-223-8080

December 23, 2004

Sandra S. Bower, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re:    United States v. Miguel Reyes
       Criminal No. 04-10201-MLW

Dear Ms. Bower:

Thank you for the discovery which you have provided thus far in the above-numbered case. Pursuant to Local Rule 116.3, I am making the following requests for additional discovery:

1. I previously requested information about previous owners and sales of the gun. You provided me with a "Firearms Trace Summary" report which lists Eric Offley as the purchaser of the gun. I request any and all information you have concerning Mr. Offley's transfer of possession of the gun, including but not limited to any oral or written statements made by him or any person concerning possession of the firearm.

2. You provided me with the "Triple III criminal history" of the CW. What is the CW's true name? What aliases has he used, including social security numbers and dates of birth? Has he used the alias from Michigan in any other capacity other than giving a false name to the police? Does he have false identification documents in his name or in names other than his own? Please inform me of the specific information concerning his out-of-state record so that I may request papers from the courts in which he has appeared.

3. In response to my question concerning rewards and promises, specifically, whether a witness had committed a crime for which he was not prosecuted, you state that the CW was observed in about December 2003 or January 2004 selling stolen car radios in New Bedford. Please provide any and all documentation concerning this incident and any other incident in which the CW, or any other witness, was being investigated for an offense but was not prosecuted. Please provide information about any reasons why the CW became an informant on this or any other matter.

FEDERAL DEFENDER OFFICE

    4. You state that the CW has been given $900 in connection with his work in this case and you provided payment receipts for this money. Please provide any further documentation concerning these payments, including any itemization reports or log books concerning his work.

    5. You state that the CW has worked with the New Bedford Police on other investigations. Please provide a description of the other cases on which the CW has worked, including the number of cases and the promises, rewards and inducements offered to the CW on those matters. In addition please advise if the CW has assisted other police agencies in investigations and if so, provide details concerning that work.

Thank you.

                              Sincerely,

                              Page Kelley
                              Assistant Federal Defender

PK/tmc



**U.S. Department of Justice**          JAN 1 0 2005

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *United States Courthouse, Suite 9200*
                                          *1 Courthouse Way*
                                          *Boston, Massachusetts 02210*

January 10, 2005

**By Hand Delivery**
Ms. Page Kelley, Esq.
Federal Public Defender's Office
408 Atlantic Avenue
Boston, MA 02110

      Re:  United States v. Miguel Reyes
          Criminal No. 04-10201-MLW

Dear Ms. Kelley:

     This is in response to your discovery letter of December 23, 2004.  I have used your numbering system for ease of reference:

     1. As you noted, you were previously provided with a trace report relating to this firearm.  I incorrectly stated in my response to your initial discovery request letter that the government possessed no oral or written statements of anyone relating to ownership of the firearm.  The United States will produce *Jencks* material of anticipated government witnesses at least 7 days before trial.  To the extent this request seeks production of statements of non-witnesses, the United States opposes this request, except as required by *Brady* and *Giglio* and progeny.  There is no statutory or constitutional obligation to disclose the identities of prosecution witnesses before trial. United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992); United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986); United States v. Barrett, 766 F.2d 609, 617 (1st Cir.1985).

     2. You previously were provided with the CW's Triple III criminal history as well as with the CW's Massachusetts Board of Probation report.  The government is presently unaware of any other alias or social security numbers used by the CW other than as reflected in these records. Additionally, please find enclosed a copy of the CW's Michigan record retrieved from a CJIS inquiry. With respect to the remainder of your request, the United States will produce any such information-if it exists-pursuant to the timing requirements of Local Rule 116.2(2).

     3. There are no reports relating to the observation of the CW

selling stolen radios. Although it is the government's position that the following information is not a promise, reward or inducement relevant to this case, the United States has been advised that a 2003 misdemeanor marijuana possession charge against the CW was dropped in exchange for his cooperation with the New Bedford police department in one investigation. The United States has been advised that the CW received no remuneration for this cooperation, which occurred prior to the CW becoming a CW with the ATF.

4. As noted, you have been provided with payment receipts for the $900 paid to the CW in connection with this case. The government declines to produce any further documentation of these payments, as not required by statute or rule.

5. Other than the investigation referred to in ¶3 above, the United States has been advised that the CW has only worked on investigations with the New Bedford Police Department with which the ATF is involved. You previously were advised that the CW has been paid a total of $2,680, which includes the $900 payment, in connection with all of these investigations. Except to the extent required by *Brady/Giglio* and their progeny, the government declines to produce any information concerning your request for discovery of other police agencies with whom the CW may have worked.

Please call me at 617-748-3184 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney

cc: w/o enclosures
Lisa Roland, Courtroom Deputy to
U.S. Magistrate Judge Charles B. Swartwood III

2

CJIS 336978    01/10/2005 1025    S1362/6362.

```
*********************************************************************
***                    ****************************                    ****
***  DATE  121004      EST  1025    .   DEA  MA013017A                  ****
***                    IQ  COMPLETED                                    ****
*********************************************************************
```

                                                                    ) (

                )    (

CJIS 336978    01/10/2005 1025    S0753/6362.
UL.
IR.MISIR0000
08:26 01/10/2005 03329
08:26 01/10/2005 04916 MA013017A
TXT
MICHIGAN NLETS/CHRI RESPONSE.
FROM: MISIR0000 - MSP IDENTIFICATION SECTION
TO: MA013017A
PUR: C RESPONSE TO INQUIRY ON NAM: PELLOT/DAVID// UM 01-08-1970

ATN/ SBOWER

YOUR INQUIRY HAS RESULTED IN THE FOLLOWING POSSIBLE CRIMINAL HISTORY RECORD(S)
MEETING DISSEMINATION CRITERIA. SUBMIT AN INQUIRY BY SID (50:) USING THE SAME
PURPOSE CODE (52:) TO OBTAIN THE CRIMINAL HISTORY RECORD.

```
*********************************************************************
```

THIS DATA IS FOR IDENTIFICATION PURPOSES ONLY AND
IT IS NOT AN INDICATION CRIMINAL HISTORY INFORMATION EXISTS

MATCH ON NAM

NAM: PELLOT/DAVID//                                        SID: 2208554J
RAC: W        SEX: M          DOB:                        FBI: 175934JA2

AFIS PRINTS AVAILABLE: YES
PALM PRINTS AVAILABLE: NO
       PHOTO AVAILABLE: NO

END OF RECORD.


          CJIS 337838   01/10/2005 1027   S1362/6362.
**********************************************************************************

*** ***                   *************************          ***

*** DATE  121004      EST  1027     DEA  MA013017A            ***

*-**                    FQ  COMPLETED                         ***


**********************************************************************************


                                                              > <


          >      <

CJIS 337838   01/10/2005 1027   S0753/6362.
UL.
FR.MISIR0000
08:28 01/10/2005 03361
08:28 01/10/2005 04960 MA013017A
TXT
MICHIGAN NLETS/CHRI RESPONSE.
FROM: MISIR0000 - MSP IDENTIFICATION SECTION
TO: MA013017A
PUR: C RESPONSE TO INQUIRY ON SID: 2208554J

U S ATTORNEY S OFFICE
ATN/ SBOWER
1 COURTHOUSE WAY
BOSTON
MA  02210

CRIMINAL HISTORY RECORD RESPONSES ARE DEPENDENT UPON CRIMINAL HISTORY RECORD
INFORMATION (CHRI) BEING REPORTED TO THE CENTRAL REPOSITORY.
USERS SHOULD CONTACT LOCAL CRIMINAL JUSTICE AGENCIES TO DETERMINE CHRI THAT

FOR SID: 2208554J AS OF 01-10-2005.

NAM: PELLOT/DAVID//
RAC: W          SEX: M          DOB:
HGT: 505        WGT: 175        HAI: BLK
EYE: BRO        POB:

SID: 2208554J
FBI: 175934JA2
III: MULTISTATE

DLN: MI/P430135002625
MNU:
PRN:
SOC:

NCIC FINGERPRINT CLASSIFICATION
FPC: PO PO 14 17 16    17 13 12 17 13

AFIS PRINTS AVAILABLE: YES
PALM PRINTS AVAILABLE: NO
      PHOTO AVAILABLE: NO

================================================================

CRIMINAL TRACKING NUMBER: 11-01-006536-01        INCIDENT DATE: 12-16-2001
TCN/OCA NUMBER: A102506827W  /53457601
NAME USED: PELLOT/DAVID//

| ARREST SEGMENT | : CHARGE SEGMENT | : JUDICIAL SEGMENT |
|---|---|---|
| DATE: 12-16-2001 | : DATE: 12-16-2001 | :      DATA NOT RECEIVED |
| MI1105300 | : MI110013A | : |
| MSP NILES | : | : |
|  | : PA  BERRIEN CO ST JOSEPH | : |
| OCA: 53457601 | : 1 CNT MCL 333.74032D | : |
| 1 CNT OF 3500 | : MISDEMEANOR | : |
| MISDEMEANOR | : CONTROLLED SUBSTANCE- | : |
| DANGEROUS DRUGS | : POSSESSION OF | : |
| DISP: CHGD BY PROSECUTOR | : MARIJUANA | : |

================================================================

CRIMINAL TRACKING NUMBER: 11-01-006538-01        INCIDENT DATE: 12-16-2001
TCN/OCA NUMBER: A102506827W  /457601
NAME USED: PELLOT/DAVID//

| ARREST SEGMENT | : CHARGE SEGMENT | : JUDICIAL SEGMENT |
|---|---|---|
| DATE: 12-16-2001 | : DATE: 12-16-2001 | :      DATA NOT RECEIVED |
| MI1105300 | : MI110013A | : |
| MSP NILES | : PA  BERRIEN CO ST JOSEPH | : |
| OCA: 457601 | : 1 CNT MCL 257.6251-A | : |
| 1 CNT OF 5400 | : MISDEMEANOR | : |
| MISDEMEANOR | : OPERATING WHILE | : |
| TRAFFIC OFFENSE | : INTOXICATED | : |
| DISP: CHGD BY PROSECUTOR | : | : |

================================================================

DISSEMINATION OF CRIMINAL HISTORY INFORMATION IS SUBJECT TO MICHIGAN & FEDERAL
RULES & REGULATIONS. REFER TO LEIN ADMINISTRATIVE RULES & TITLE 28, USC.
USE OF THIS RECORD IS LIMITED TO THE PURPOSE OF INQUIRY.

                        ** SPECIAL ATTENTION**

FEDERAL LAW PROHIBITS DISSEMINATION OR RELEASE OF NON-CONVICTION DATA, SUCH
AS ARREST-ONLY RECORDS, EXCEPT TO AUTHORIZED CRIMINAL JUSTICE AGENCIES. - DO
NOT PLACE LEIN OR NCIC/III MATERIAL, IF IT CONTAINS NON-CONVICTION DATA, IN
ANY FILE WHICH IS ACCESSIBLE TO THE PUBLIC.  NON-CONVICTION DATA WILL BE
RECEIVED ON 52:C, 52:F, 52:J AND 52:M INQUIRIE
                                        S.  TO RECEIVE CONVICTION-ONLY
DATA USE 52:E.