```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
                              )
vs.                           )    CRIMINAL ACTION
                              )    NO. 04-10201-MLW
MIGUEL REYES,                 )
        Defendant,            )
_____)
```

ORDER
February 15, 2005

**SWARTWOOD, M.J.**

Nature of the Proceeding

By Order of Reference dated July 14, 2004, this case was referred to me for pretrial proceedings. This Order addresses Mr. Reyes's Motion For Discovery (Docket No. 28).

Nature of the Case

Mr. Reyes has been charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). The case against Mr. Reyes is based primarily on information provided to the Government by a cooperating witness ("CW") who was videotaped purchasing the firearm in question from Mr. Reyes.

Discussion

Mr. Reyes's Request For Information Concerning Prior Owners Of The Firearm.

Mr. Reyes seeks all information (including oral and written statements) concerning the origins of the firearm which he allegedly sold to the CW, including information concerning the identity of all individuals who have owned and/or possessed the

firearm prior to its alleged sale to the CW by Mr. Reyes. The Government has provided Mr. Reyes with a trace report concerning the firearm. The Government has also informed Mr. Reyes that it may have in its possession written or oral statements relating to the "path" the gun took subsequent to its purchase by the original owner, which it will produce as *Jencks* material at least seven days before trial. The Government opposes disclosing any oral/written statements of non-witnesses in its possession relating to the ownership of the gun which do not constitute Brady or Giglio material.

> The Government need not produce statements of non-witnesses to Mr. Reyes unless such statements must be produced as Brady or Giglio material, or otherwise constitute evidence which could be exculpatory to the defense. Furthermore, the Government is not required to produce statements of its anticipated witnesses prior to trial, unless such statements constitute Brady and or Giglio material or come within LR, D.Mass. 116.2(B)(2). The Government represents[1] that it understands its obligation to immediately disclose any witness statements which would constitute Brady or Giglio and its obligation to comply with this Court's Local Rules. The Government has also indicated that to the extent that it is in

---

[1] References made to representations made by the Government include representations made in the Government's written response to Mr. Reyes's motion and those made orally during the hearing held on that motion (both counsel appeared for the hearing by telephone.)

2

possession of oral/written statements of witnesses it intends to call in its case-in-chief which it otherwise would not be required to disclose until such witnesses testify, *i.e. Jencks* material, it will provide Mr. Reyes with such statements at least seven days prior to trial. I find that the Government has either met or it intends to meet its obligations with respect to this request and therefore, the request is denied as moot.[2]

### Information Concerning The Informant

Mr. Reyes seeks potentially impeaching evidence concerning the CW, including: (i) why s/he became an informant in this case, (ii) whether the Government is aware of any acts committed by the CW for which s/he could be (or could have been) prosecuted but is not going to be, (iii) promises, rewards and inducements provided to the CW, including documentation concerning cash payments received in this case and any assistance s/he has received with respect to his/her living arrangements, and (iv) whether the CW has been investigated for having broken any rules as an informant or has provided any false information.

Mr. Reyes seeks information concerning any promises, rewards and inducements made to the CW and any prior bad acts or acts which would reflect poorly on the CW's veracity not only in this case, but in all investigations

---

[2]To avoid all doubt, I want to make clear that any information, material or statements in the possession, custody or control of the Government which would tie or would tend to tie the CW to the firearm after it left the control of the original purchaser and before the CW allegedly obtained the firearm from Mr. Reyes must be disclosed immediately.

in which the CW has or is cooperating with law enforcement officials, whether federal, state or local. Clearly, Mr. Reyes is entitled to such information relating to the CW's cooperation in this case and the CW's cooperation in any case in which federal law enforcement officials worked jointly with local or state law enforcement officials. The Government is not obligated to canvas local or state law enforcement officials to determine whether the CW has in the past or is currently cooperating with them.[3]

The Government represents that it has produced all information in its custody, possession or control concerning the CW's criminal record and to the extent that any information contained in such documentation has been redacted, it will provide unredacted copies of such documentation to defense counsel. The Government has represented that it has informed Mr. Reyes about benefits given to the CW relating to housing and that there are no written documents memorializing the arrangements. The Government has also provided Mr. Reyes with copies of receipts concerning payments made to him. The Government has also indicated that at least twenty-one days prior to trial, it will inform Mr. Reyes of any misconduct and the

---

[3] If state or local law enforcement officials have provided the Government with information concerning the CW's cooperation in investigations in which the federal government was not involved, such information, because it is in the possession, custody or control of the Government, should be disclosed to Mr. Reyes.

like which could reflect on the CW's bias or veracity. The Government has also agreed to provide Mr. Reyes with information concerning charges which were not pursued by the New Bedford Police Department against the CW relating to a misdemeanor marijuana offense and possible sale of stolen property offense.  To the extent that Mr. Reyes is seeking any additional information, his request is denied as beyond the scope of permitted discovery.

<u>Conclusion</u>

I find the Government has or is complying with its obligation to provide the requested discovery to Mr. Reyes and/or that the requested discovery is beyond the scope of what must be disclosed to Mr. Reyes.  Therefore, Mr. Reye's Motion For Discovery (Docket No. 28) is <u>denied</u>.

<u>/s/ Charles B. Swartwood III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE