

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

FILED
CLERKS OFFICE
2007 JUN -8  P 3: 24
U.S. DISTRICT COURT
DISTRICT OF MASS.

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 6, 2006

Page Kelley, Esq.
Federal Defender Office
408 Atlantic Avenue
Boston, MA 02110

Re: United States v. Miguel Reyes
    Criminal No. 04-10201-MLW

Dear Ms. Kelley:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Miguel Reyes ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   Change of Plea

   At the earliest practicable date, Defendant shall plead guilty to Count One of the above-captioned Indictment charging him with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Defendant expressly and unequivocally admits that he in fact committed the crime charged in Count One of the Indictment, and is in fact guilty of that offense.

   Based on information known to the United States as of the date of this agreement, the U.S. Attorney further agrees not to initiate criminal charges against Defendant relating to Defendant's telephone calls and/or other efforts in July and August 2004 to obtain information and assistance from a Massachusetts state employee relating to a cooperating witness in the instant prosecution.

   2.   Penalties

   The parties have agreed that Defendant qualifies for

enhanced penalties as an Armed Career Criminal under 18 U.S.C. § 924(e). Based on that determination, Defendant faces the following minimum mandatory and maximum penalties: a minimum of 15 years' imprisonment up to life imprisonment, a $250,000 fine, 5 years' supervised release and a $100 special assessment.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

A. <u>Base Offense Level</u>

The parties agree to take the position that Defendant's Base Offense Level under USSG § 4B1.4 is Level 33 because Defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) as an Armed Career Criminal.

In consideration of the concessions made by the U.S. Attorney in this agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this agreement. Defendant acknowledges and agrees that this subparagraph is a material provision of this agreement and that any breach of it will entitle the U.S. Attorney to exercise any and all remedies available to him including the remedies set forth in paragraph 11, below.

B. <u>Acceptance of Responsibility</u>

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

2

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from commitments under this agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit his conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (d) Fails to provide truthful information about his financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

- (g) Intentionally fails to appear in Court or violates any condition of release; and/or

- (h) Commits a crime.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this agreement under Fed.R.Crim.P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the following is the appropriate

disposition of this case:

    (a)   180 months' imprisonment;

    (b)   no fine;

    (c)   $100 mandatory special assessment; and

    (d)   five years' supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure and/or deviation from the sentencing range established by the United States Sentencing Guidelines and agree that, if the foregoing disposition is not accepted by the Court, either party shall be entitled to declare this plea agreement to be null and void.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)   Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)   The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4. Without limiting the foregoing,

>             Defendant waives any claim that the government
>             could have been obligated to prove beyond a
>             reasonable doubt at trial that Defendant qualifies
>             as an Armed Career Criminal under 18 U.S.C.
>             § 924(e).

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.   <u>Probation Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office. Defendant's plea will be tendered pursuant to Fed.R.Crim.P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this agreement. If the sentencing judge rejects this agreement, this agreement shall be null and void at the option of either the United States or the Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8.   <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.   <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10.   <u>Withdrawal of Plea by Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Sandra S. Bower.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By: *[signature]*
    LAURA J. KAPLAN, Chief
    Violent & Organized Crime
    Section


    SANDRA S. BOWER
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

MIGUEL REYES
Defendant

Date: 5-11-07

I certify that Miguel Reyes has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

PAGE KELLEY, Esq.
Attorney for Defendant

Date: 5-11-07